IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PAUL ROGERS,<br>Plaintiff<br><br>v.<br><br>PECO ENERGY COMPANY,<br>Defendant | :<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION<br><br>NO: |

**COMPLAINT AND JURY DEMAND**

## I. INTRODUCTION

Plaintiff claims of Defendant a sum in excess of $150,000.00 in damages upon a cause of action whereof the following is a statement:

1. This action for declaratory, injunctive, monetary and other appropriate relief is brought by Plaintiff to redress violations by the Defendant of rights secured to the Plaintiff by the laws of the United States of America.

2. This action arises under the Age Discrimination in Employment Act, 28 U.S.C. 626(b), et seq. ("ADEA"), the Americans with Disabilities Act, 42 U.S.C. §12101, et seq. ("ADA"), and the Americans with Disabilities Amendments Act of 2008 ("ADAA"). These claims are brought by Plaintiff to redress arbitrary, improper, unlawful, willful, deliberate and intentional discrimination with respect to his compensation, terms, conditions and privileges of employment by the Defendant, based on an improper and unlawful perception of disability, age and in retaliation for opposing unlawful discrimination in the workplace.

## II. JURISDICTION AND VENUE

3. The jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. §1331, the ADEA, ADA, and ADAA, which provide for original jurisdiction of Plaintiff's claims arising under the laws of the United States and over actions to recover damages and to secure equitable and other relief under the appropriate governing statutes.

4. The supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1367, to consider Plaintiff's claims arising under the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §951, et seq.

5. The venue of this Court is invoked pursuant to the dictates of Title 28 U.S.C. §1391(c).

6. All conditions precedent to the institution of this suit have been fulfilled. A Notice of Right to Sue was issued by the U.S. Equal Employment Opportunity Commission on June 14, 2013 and this action was commenced by the Plaintiff within ninety (90) days of receipt of said notice. The Plaintiff has exhausted all other jurisdictional requirements to the maintenance of this action.

## III. PARTIES

7. Plaintiff, Paul Rogers, is an individual and citizen of the Commonwealth of Pennsylvania who resides therein at 3204 Marshall Road, Drexel Hill, Pennsylvania.

8. Defendant, PECO Energy Company, was and is now a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania, with a

place of business located at 2301 Market Street, P.O. Box 8699, Philadelphia, Pennsylvania.

9. At all times relevant hereto, the Defendant was acting through its agents, servants and employees, who were authorized and acting within the scope of their authority, course of employment, and under the direct control of the Defendant.

10. At all times material herein, the Defendant has been a "person" and "employer" as defined under the ADEA, ADA, ADAA, and PHRA, and is subject to the provisions of each Act.

## IV. STATEMENT OF CLAIMS

11. The Plaintiff was employed by the Defendant as an Underground Foreman from in or about 1987, until on or about November 7, 2011, when he was terminated as a result of the unlawful employment practices complained of herein.

12. Throughout his twenty three (23) year tenure with the Defendant, the Plaintiff performed his job function in a dutiful and competent manner. At the time of the Plaintiff's termination, he was earning a salary of $88,000.00 per annum plus benefits.

13. On or about April 7, 2011, the Plaintiff was assigned to perform work at one of the Defendant's power plants located in Limerick, Pennsylvania.

14. During that assignment, the Plaintiff traveled after work hours to local restaurant for dinner and ordered an alcoholic beverage.

15. While he was dining, the Plaintiff was approached by an individual who appeared to be intoxicated and who identified himself as supervisor who was also employed by the Defendant. The said individual commented to the Plaintiff in the

course of his conversation that he should consider not drinking on "company time", a it could pose a problem. As such, the Plaintiff opted for a non-alcoholic beverage with dinner and exited the restaurant approximately one (1) hour later.

16. Upon his return to the hotel where he was staying, the Plaintiff received a call from his supervisor, Vince Creedon ("Creedon"), who improperly accused him of drinking on Company time and intimated that the Plaintiff had a drinking problem in the past.

17. Although the Plaintiff vehemently denied that he was drinking on the said occasion or that he was under the influence of alcohol, Creedon insisted the Plaintiff be immediately transported back to Philadelphia from Limerick for questioning. Creedon did not request that the Plaintiff submit to any form of drug or alcohol testing to verify his perception of the Plaintiff's alleged inebriation.

18. Upon his return to Philadelphia, the Plaintiff was immediately suspended without pay pending an investigation into the purported violations of the Defendant's Drug and Alcohol Policy.

19. On or about April 20, 2011, the Plaintiff was suspended indefinitely pending termination on October 26, 2011.

20. At no time during the investigation or prior to the Plaintiff's suspension, did the Defendant conduct a Fitness for Duty Test to support their allegations that he was intoxicated on the job or had any alcoholic beverages on the date in question. The Defendant's management instead improperly assumed he had been drinking and was intoxicated, a perception that they had held of the Plaintiff during his employment.

21. In connection thereto, on several occasions during the course of his employment, the Plaintiff's supervisors made remarks evidencing their perception that the Plaintiff suffered from the disease of alcoholism and/or was a recovering alcoholic.

22. In or about 2004, when the Plaintiff was suspended as a result of a mutual altercation with a co-worker, his then supervisor, Charles Simpson ("Simpson") indicated that he believed the Plaintiff's problems were caused by alcohol abuse, without any substantiation of the same .

23. Since that time, the Plaintiff has been subjected to several verbal remarks concerning and referencing the disease of alcoholism by other supervisors, including Michael Moran ("Moran"), Len Sanelli ("Sanelli") and Creedon.

24. By way of example, in or about December, 2009, Moran suggested having the Defendant's office Christmas party at a local restaurant and indicated that only food would be served. When the Plaintiff questioned whether drinks were going to be served, he was told that he had a "problem" and that he could not enjoy himself without alcohol being involved.

25. On another occasion in or about June, 2010, when the Plaintiff offered to take his crew out for a drink after a hard day, he was told by Moran that wanting a drink after work was a "sign of alcoholism." These remarks evidencing the Defendant's perception that the Plaintiff was disabled, as a recovering alcoholic, occurred frequently up to the events giving rise to the Plaintiff's eventual termination.

26. On or about October 21, 2011, days prior to his pending termination date, the Complainant filed a Charge of Discrimination with the Pennsylvania Human Relations Commission ("PHRC"). In his Charge, the Plaintiff alleged that he was being

subjected to discrimination on the basis of a perception of disability, alcoholism, as alleged herein. Upon information and belief, the Defendant was notified of the Plaintiff's Charge of Discrimination at or about that time.

27. Notwithstanding the Charge he had filed, on or about November 7, 2010, the Plaintiff was terminated from his position of employment as a result of the aforesaid violation of the Defendant's Drug and Alcohol Policy. The Plaintiff was offered no measure of progressive discipline, which evidenced the Defendant's discriminatory motives for termination.

28. Moreover, other younger similarly situated employees who have been accused of violating the Defendant's Drug and Alcohol Policy and other policies have been afforded other lesser forms of progressive discipline prior to dismissal, unlike the Plaintiff who was summarily discharged.

29. The Plaintiff believes and avers that the Defendant's deviated from their own policy regarding substance abuse in a discriminatory manner which evidenced their intent to terminate him due to his age (52) and perception of disability, as aforesaid.

30. The Plaintiff also believes and avers that his termination was in retaliation for filing a Charge of Discrimination against the Defendant on the basis of his perceived disability and age.

**COUNT I**
**(ADA/ADAA)**
**Plaintiff v. Defendant**

31. Plaintiff incorporates by reference paragraphs 1 through 30 of this Complaint as though fully set forth herein at length.

32. The actions of the Defendant through its agents, servants and employees, by terminating the Plaintiff based on an improper perception of disability, constituted a violation of the ADA and the ADAA.

33. The actions of the Defendant, through its agents, servants and employees, in subjecting the Plaintiff to discrimination in the terms, conditions and privileges of his employment constituted a violation of the ADA and the ADAA.

34. As a direct result of Defendant's willful and unlawful actions in violation of the ADA and the ADAA, the Plaintiff has suffered emotional distress, humiliation, embarrassment, loss of self-esteem and has sustained a loss of earnings, plus the value of the aforementioned promotion, plus loss of future earning power, plus loss of back pay and front pay and interest due thereon.

**COUNT II**
**(ADEA)**
**Plaintiff v. Defendant**

35. Plaintiff incorporates by reference paragraphs 1 through 34 of this Complaint as fully set forth at length herein.

36. The actions of Defendant through its agents, servants and employees in terminating Plaintiff because of his age, constituted a violation of the ADEA.

37. The unlawful discriminatory employment practices engaged in by the Defendant were in violation of the provisions of Title 28 U.S.C. §626(a)(1) and 626(a)(2) of the Age Discrimination in Employment Act.

38. As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of 28 U.S.C. §626(a) and (1) and

626(a)(2) of the Age Discrimination in Employment Act, Plaintiff sustained permanent and irreparable harm resulting in the loss of employment, which caused him to sustain a potential loss of earnings, plus the value of certain benefits, plus potential loss of future earning power, potential back pay, front pay and interest due thereon.

**COUNT III**
**PHRA**
**Plaintiff v. Defendant**

39. Plaintiff incorporates by reference paragraphs 1 through 38 of this Complaint as though fully set forth at length herein.

40. The actions of the Defendant, through its agents, servants and employees, in terminating the Plaintiff due to an unlawful perception of disability, due to his age, in retaliation for opposing discrimination, constituted a violation of the PHRA.

41. The Defendant's acts of discrimination as aforesaid were intentional, willful and in reckless disregard of Plaintiff's rights and interests.

42. As a direct result of Defendant's willful and unlawful actions in violation of the PHRA, Plaintiff has suffered emotional distress, humiliation, embarrassment, loss of self-esteem and has sustained a loss of potential earnings, plus the value of the aforementioned benefits, plus loss of future earning power, plus loss of potential back pay, front pay and interest due thereon.

**COUNT IV**
**ADA/ADAA**
**(Retaliation)**
**Plaintiff v. Defendant**

43. Plaintiff incorporates by reference paragraphs 1 through 42 of this Complaint as though fully set forth at length herein.

44. The actions of the Defendant, through its agents, servants and employees, in retaliating against Plaintiff for opposing discrimination and in causing the Plaintiff to be terminated as a result, constituted a violation of the ADA and ADAA.

45. The Defendant's acts of discrimination and retaliation as aforesaid were intentional, willful and in reckless disregard of Plaintiff's rights and interests.

46. As a direct result of Defendant's willful and unlawful actions in violation of the ADA and ADAA, the Plaintiff has suffered emotional distress, humiliation, embarrassment, loss of self-esteem and has sustained a loss of potential earnings, plus the value of the aforementioned benefits, plus loss of future earning power, plus loss of potential back pay, front pay and interest due thereon.

**PRAYER FOR RELIEF**

47. Plaintiff repeats the allegations of paragraph 1 through 46 of this Complaint as if set forth herein at length.

**WHEREFORE**, Plaintiff requests this Court to enter judgment in his favor and against Defendant and order that:

(a) Defendant compensate Plaintiff for the wages and other benefits

and emoluments of employment lost, because of their unlawful conduct;

(b) Defendant pay to Plaintiff compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of employment and other non-pecuniary losses as allowable;

(c) Defendant pay to Plaintiff punitive damages, pre and post judgment interest, costs of suit and attorney and expert witness fees as allowed by law;

(d) The Court award such other relief as is deemed just and proper.

**JURY DEMAND**

Plaintiff demands trial by jury.

**THE LOVITZ LAW FIRM, P.C.**

By:____________________________

KEVIN I. LOVITZ, ESQUIRE
ID # 70184
1700 Market Street, Suite 3100
Philadelphia, PA 19103
(215) 735-1996 Phone
(215) 735-1515 Fax
Attorney for Plaintiff,
Paul Rogers